IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VIRGIL SMITH,

                                                         OPINION AND ORDER

              Plaintiff,

                                                       21-cv-582-bbc

    v.

SGT. BARRETT and
CO WOLTGEN,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Virgil Smith, who is incarcerated at Waupun Correctional Institution, has filed a proposed complaint under 42 U.S.C. § 1983, alleging that prison staff violated his rights under the First Amendment by refusing to allow him to use the telephone to call someone outside the prison. His complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. Also before the court are: (1) plaintiff's motion for change of venue, dkt. #4; and (2) plaintiff's motion for appointment of counsel court assistance in recruiting counsel to represent him. Dkt. #8.

      For the reasons set out below, I will dismiss plaintiff's complaint because it violates Federal Rule of Civil Procedure 8. However, I will give plaintiff an opportunity to file a complaint that complies with this rule. Plaintiff's motions for change of venue and appointment of counsel will be denied without prejudice. He may renew those motions if he is allowed to proceed on any of his claims.

OPINION

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 775 (7th Cir. 1994).

Plaintiff has submitted a 45-page complaint in which he names Sgt. Barrett and CO Woltgen as defendants. Beginning at paragraph 49 of the "Statement of Claim" section of the complaint, plaintiff alleges that these defendants refused to allow him to use the telephone to call an individual named R. Smith on March 20, 2021. In the preceding 48 paragraphs, however, plaintiff alleges numerous previous instances when other COs denied him use of the telephone. He further alleges that Sgt. Barrett "never responded" when plaintiff filed information requests about these denials.

Plaintiff's lengthy allegations about unnamed defendants leaves it unclear what conduct, by whom, is the subject of plaintiff's complaint. Is plaintiff seeking to proceed solely on a claim against Barrett and Woltgen for their actions on March 20, 2021? If so, he must shorten his complaint, limiting it to those facts and eliminating all the other allegations against other individuals concerning other dates. On the other hand, if plaintiff *does* wish to proceed against other individuals for denying him use of the telephone on other

dates, he must identify those individuals (either by name or, if the name is unknown, as a "John Doe" defendant) and make plain what each defendant allegedly did to violate plaintiff's rights.

Similarly, if plaintiff seeks to proceed against defendant Barrett for allegedly failing to respond to his interview requests complaining about phone call denials prior to March 20, 2021, then he needs to make that clear in his complaint. In its current form, the complaint does not provide fair notice to the opposing parties of the substance of plaintiff's claim.

Because plaintiff's complaint does not comply with Rule 8, I will dismiss it in its entirety. However, I will give plaintiff a chance to file an amended complaint in which he sets out his claims against each defendant in short and plain statements, eliminating facts about other individuals and other dates that are not part of his claim. Plaintiff may have until November 8, 2021, to submit a proposed amended complaint that corrects the problems identified in this order. If plaintiff fails to submit a proposed amended complaint by that date, I will direct the clerk of court to dismiss the case.

ORDER

IT IS ORDERED that

1. Plaintiff Virgil Smith's complaint is DISMISSED for failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until November 8, 2021 to submit a proposed amended complaint. If plaintiff fails to submit a proposed amended complaint by November 8, 2021, the clerk of court will enter judgment dismissing this case.

2. Plaintiff's motions for change of venue, dkt. #4, and for the appointment of counsel, dkt. #8, are DENIED without prejudice.

Entered this 15th day of October, 2021.

> BY THE COURT:
>
> /s/
> _____
> BARBARA B. CRABB
> District Judge